David R. Ehrlich (de-9786)
Amanda B. Slutsky (as-5655634)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4550
dehrlich@staggwabnik.com
aslutsky@staggwabnik.com

*Attorneys for Plaintiff*
*Shante McPherson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SHANTE MCPHERSON,

          Plaintiff,

  -against-

CITY OF NEW YORK, and CYNTHIA BRANN, individually,

          Defendants.

-----------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Shante McPherson ("Plaintiff"), by her attorneys, Stagg Wabnik Law Group LLP, complaining of Defendants City of New York (the "City") and Cynthia Brann ("Brann") (collectively "Defendants"), herein alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff rose through the ranks to become a Captain in the New York City Department of Corrections ("DOC") until she was unlawfully discriminated against by Defendants solely based upon her sex. Plaintiff brings this action against Defendants for discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),

1

the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*. Defendants' conduct was willful and showed a reckless disregard of Plaintiff's rights, which caused and continues to cause Plaintiff to suffer substantial economic and noneconomic damages, including severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the New York State and New York City claims by way of supplemental jurisdiction.

4. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b) and (c) as Plaintiff's claims arose within this District.

5. On or about October 29, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination and retaliation on the basis of sex. A copy of the EEOC Charge is attached as Exhibit A.

6. On or about December 4, 2020, the United States Department of Justice, Civil Rights Division in conjunction with the EEOC issued a notice of right to sue because the matter was with the EEOC for more than 180 days and the EEOC did not file suit. A copy of the Right to Sue Notice is attached as Exhibit B.

7. This Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC notice.

**THE PARTIES**

8. Plaintiff is an individual residing in Kings County, in the State of New York, and is employed by Defendants as a Corrections Officer. Before Plaintiff worked for Defendants, she served in the United States Army for eight years and was honorably discharged.

9. At all relevant times herein, the City of New York is a municipality located within the State of New York and operates several administrative agencies including the DOC.

10. At all relevant times herein, Brann was the Commissioner of the DOC and has the power at the DOC to, *inter alia*, hire and fire employees, demote and promote employees, and maintain their employment records.

11. At all relevant times herein, Defendants maintained a workforce of over fifteen employees.

**STATEMENT OF FACTS**

12. On or about December 22, 2011, Plaintiff was hired as a Corrections Officer.

13. As a Corrections Officer, Plaintiff oversaw the custody and control of inmates. For example, Plaintiff would perform various tasks such as pat down frisking, writing infractions, making sure inmates went to clinics and reported to visits on time, and ensuring inmates were provided with food.

14. Plaintiff also worked as an Academy Instructor and trained new recruits. Plaintiff's skills and dedication to the DOC were well-documented, and at one point was awarded "employee of the month."

15. Plaintiff worked extremely hard at the DOC and was eventually promoted to Captain on or about September 28, 2018. When Plaintiff was promoted, she worked at the Otis Bantum Correctional Center.

16. In her new role as a Captain, Plaintiff continued her duties as a Corrections Officer, but was also given additional duties, such as investigating infractions; responding to alarms in the event of an inmate fight; investigating recovered contraband; using force packages; writing up officers (if necessary); providing disciplinary actions; conducting roll call; filling out paperwork; investigating 311 complaints from inmates; supervising the enhanced supervision housing area (which is the division where inmates need captain escorts for any visits; and cuff and shackle inmates). Newly promoted individuals, such as Plaintiff, are subject to a one-year probationary period as a captain.

17. Plaintiff performed her job extremely well and was never disciplined. In fact, during her entire career at the DOC, she was never written-up or subject to any disciplinary actions.

18. On or about December 8, 2018, Plaintiff was wrongfully arrested for allegedly driving while intoxicated. She was not driving while intoxicated, but rather fell asleep in her car while looking for a parking spot in Brooklyn after working a double-shift at the DOC.

19. In mid-December 2018, approximately one week after Plaintiff was arrested, the DOC told Plaintiff to bring her disposition to the DOC, i.e., the ultimate result of any charges stemming from the arrest.

20. Even though Plaintiff was not driving while intoxicated, rather than incur the expense of fighting the charge in court, Plaintiff accepted a plea bargain where she only had to plead guilty to a traffic device violation. The plea bargain was contingent upon the completion of a court ordered program, which involved installing a device in Plaintiff's car and providing a urinalysis every week.

21. Plaintiff successfully completed the program without incident, and on or about September 6, 2019, her charge was officially reduced to disobeying a traffic device.

22. However, before Plaintiff's disposition was issued and with just one month remaining on her probation as Captain, Defendants demoted Plaintiff to Corrections Officer in or around July 2019 without providing her with any reason. Plaintiff was also relocated to the Anna M. Kross Center, which is where she currently works.

23. Plaintiff's demotion and the DOC's failure to reinstate her after she received her traffic violation disposition was solely based on her sex because other similarly situated male Captains, who during their probation were convicted of more serious offenses or disciplined for other serious violations of DOC policy, were either not demoted or were reinstated back to Captain after being briefly demoted, while Plaintiff was demoted and not reinstated even though she was only convicted of a traffic device violation.

24. For example, a male corrections officer, Bernard Mathis ("Mathis"), was hired and promoted to Captain at the same time as Plaintiff. During his probationary period, Mathis was arrested for driving while intoxicated at some point after December 8, 2018. This is the same purported crime Plaintiff was arrested for. Mathis, however, pled guilty to driving while abilities impaired, an offense far more serious than what Plaintiff pled to, and was demoted to Corrections Officer in or around July 2019. One month later, in or about August 2019, Defendants reinstated Mathis to his position of Captain. The offense for which Mathis was convicted was more serious than Plaintiff's conviction for a traffic device violation, yet he was reinstated to Captain, and Plaintiff was not.

25. Another male captain, Jason Soto ("Soto"), was promoted to Captain in the same class as Plaintiff. Soto was subsequently demoted because of an improper use of force on a prisoner. However, despite Soto's excessive force violation, he was reinstated to Captain a few months later. In contrast, a female captain, Shara Perry ("Perry"), who was also promoted to

Captain in the same class as Plaintiff, was demoted because of an improper use of force on a prisoner, but was not reinstated to her position of Captain. Even though Soto and Perry were demoted from the Captain position for the same offense, Soto was reinstated to Captain while Perry remains working as a Corrections Officer. To make matters worse, Perry was demoted and not reinstated even though this was the first time in her career that she received discipline for excessive force, whereas Soto had a long history of using excessive force when a Corrections Officer.

26. A third male captain, Peter Jean-Baptist ("Jean-Baptist"), was arrested in or around May 2019 on a domestic violence charge during the one-year captain probationary period, but was never demoted. Even though Jean-Baptist was arrested for a violent crime, he was not demoted from his Captain position, yet Plaintiff, who was convicted of only a traffic device infraction was demoted and not reinstated.

27. Plaintiff complained about Defendants' discriminatory and disparate treatment of her to her union delegate. The union delegate informed Plaintiff that Brann advised him that Plaintiff's demotion was based on her arrest and because she supposedly refused to blow into a breathalyzer device when she was pulled over. Brann's purported reason for demoting Plaintiff and not reinstating her is a pretext for discrimination because Mathis, a male employee, was arrested for the same offense as Plaintiff and pled guilty to an offense far more serious than the violation Plaintiff pled to, yet he was reinstated. Additionally, the excuse that Plaintiff was not reinstated because she supposedly refused to blow into the breathalyzer is bogus because such claim was dismissed during a Department of Motor Vehicle Hearing several months prior to the demotion.

28. Realizing that Defendants reasons for not reinstating Plaintiff to Captain were clearly bogus in light of Mathis's reinstatement, Brann also told Plaintiff's union delegate that Defendants left Plaintiff in the role of Corrections Officer because Plaintiff did not provide Defendants with details about the process of reducing her charge. However, Plaintiff was fully transparent with Defendants about the arrest and conviction of violating a traffic device. To the extent Defendants needed more information, they neither requested any additional information, nor provided Plaintiff with an opportunity to explain her plea or the program she attended.

29. The falsity of Defendants proffered reasons for not reinstating her is demonstrated by the fact even after Defendants indisputably became aware of all of the facts regarding Plaintiff's plea to a traffic device violation, they still refused to reinstate her back to her position of Captain.

30. Defendants created false reasons to keep Plaintiff in the demoted role of Corrections Officer, while bending over backwards to reinstate similarly situated male officers back to their position as Captain, or keep the similarly situated males in the position of Captain. Defendants disparate treatment of Plaintiff as compared to the male Captains and Corrections Officers is blatant sex discrimination. As described above, Defendants discriminated against Plaintiff on the basis of her sex.

31. When Mathis plead guilty to a far more serious offense than Plaintiff, he was reinstated to Captain after a brief demotion. When Soto and Jean-Baptiste were cited for their violent behavior, Soto was reinstated to the position of Captain after a brief demotion and Jean-Baptiste was never even demoted. Yet, when Perry, a female Captain, committed an excessive force violation, she was demoted and never reinstated to the position of Captain. Even though

Plaintiff was only convicted for a traffic device violation, she was demoted and never reinstated to the position of Captain.

32.     As described above, Defendants engaged in a blatant double-standard, treating female officers far more harshly than male officers. Defendants clearly demonstrated a pattern and practice of favoring male employees over female employees.

33.     To date, Plaintiff (and Perry) remain in the role of Corrections Officer while Mathis, Soto and Jean-Baptiste are working in the role as Captain.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CITY
## (Discrimination on the Basis of Sex in Violation of Title VII)

34.     Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

35.     Plaintiff is a member of a protected class in that she is female.

36.     Plaintiff, as described *supra*, was subjected to discriminatory and sex-based actions, as she was treated in a disparate fashion as compared to male Captains and Correction Officers.

37.     Plaintiff suffered an adverse action because she was female, by, *inter alia*, being demoted from Captain to Corrections Officer, by not reinstating her to the position of Captain, and otherwise treating her in a disparate fashion as compared to the male Corrections Officers and Captains.

38.     The demotion and failure to reinstate Plaintiff was a result of Defendants' blatant misogyny and favoritism toward male employees.

39.     As a result of the sex discrimination, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression,

humiliation, embarrassment, loss of enjoyment of life, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of compensatory damages.

40. As a result of the sex discrimination, Plaintiff has suffered, and continues to suffer from, lost wages, loss of future compensation, loss of seniority, and losses to her pension, as well as other monetary damages.

41. Plaintiff was damaged in an amount that exceeds any jurisdictional requirements of the Court, which will be determined at trial, and Plaintiff is entitled to punitive damages and attorneys' fees and costs due to the willfulness of Defendants' discrimination.

42. Plaintiff also seeks reinstatement to the position of Captain through injunction.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Discrimination on the Basis of Sex in Violation of
New York Executive Law § 290 *et seq.*)**

43. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

44. Executive Law § 296(1)(a) provides that: "It shall be an unlawful discriminatory practice for an employer . . . because of an individual's sex . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. Plaintiff is a member of a protected class in that she is female.

46. Plaintiff, as described *supra*, was subjected to discriminatory and sex-based actions, as she was treated in a disparate fashion as compared to male Captains and Corrections Officers.

47. Plaintiff suffered an adverse action because she was female, by, *inter alia*, being demoted from Captain to Corrections Officer, by not being reinstated to the position of Captain, and otherwise being treated in a disparate fashion as compared to the male Corrections Officers and Captains.

48. By engaging in the foregoing conduct, Defendants acted with malice and/or with reckless disregard for Plaintiff's rights under the New York Executive Law § 296 *et seq*.

49. As a direct and proximate result of Defendants' sex discrimination in violation of Executive Law § 296, Plaintiff suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of compensatory damages.

50. As a direct and proximate result of Defendants' sex discrimination, Plaintiff suffered loss of wages, loss of future compensation, loss of seniority and losses to her pension, as well as other monetary damages.

51. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of Executive Law § 296, Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

52. Plaintiff also seeks reinstatement to her position of Captain through an injunction.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST BRANN
## (Aiding and Abetting in Violation of New York Executive Law § 290 *et seq*.)

53. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

54. Executive Law § 296(6) provides that: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

55. As described above Brann engaged in conduct that was discriminatory based on sex.

56. Brann knowingly and/or recklessly aided, abetted, incited, compelled, and coerced the unlawful employment practices and discrimination against Plaintiff in violation of Executive Law § 296(6) by actively participating in the unlawful conduct set forth above, e.g., making the decision to demote Plaintiff, making the decision not to reinstate Plaintiff to the position of Captain, reinstating similarly situated male employees to the Captain position, not demoting similarly situated male employee from the Captain position, and proffering obviously bogus reasons for her disparate treatment of the female Captains and Corrections Officers.

57. As a direct and proximate result of Defendants' aiding and abetting in violation of Executive Law § 296(6), Plaintiff suffered and continues to suffer, monetary losses, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

58. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(6), Plaintiff suffered, and continues to suffer from, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of compensatory damages.

59. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of Executive Law § 296(6), Plaintiff is entitled to an award of monetary

damages, including, but not limited to, back pay, front pay, loss of seniority, and losses to her pension.

60. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of Executive Law § 296(6), Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Sex Discrimination in Violation of New York City Administrative Code)

61. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

62. The Administrative Code of the City of New York § 8-107[1] provides that it shall be an unlawful discriminatory practice: (1) For an employer or an employee or agent thereof, because of the actual or perceived . . . gender . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

63. As described above, Defendants took adverse employment actions against Plaintiff because of her sex by, among other things, demoting her from Captain to Corrections Officer, by refusing to reinstate her as Captain, and otherwise treating her in a disparate fashion as compared to the male Corrections Officers and Captains in violation of the New York City Administrative Code Title 8.

64. As a direct and proximate result of Defendants' sex discrimination in violation of the Administrative Code, Plaintiff has been damaged, including lost compensation, lost future compensation and benefits, losses to her seniority, losses to her pension, and emotional distress and humiliation.

65. Defendants' conduct was willful, reckless, outrageous, intentional and/or malicious, and Plaintiff is entitled to punitive damages and attorneys' fees and costs.

66. Plaintiff also seeks reinstatement to the position as Captain by injunction.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Aiding and Abetting Discrimination in Violation of
### New York City Administrative Code)

67. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

68. Under the New York City Administrative Code Title 8-107(6), "it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

69. As detailed above, Brann aided and abetted Defendants' discrimination and harassment alleged above by participating in the discrimination to which Plaintiff was subjected to in violation of the New York City Administrative Code Title 8-107.

70. As a result of the discrimination in which Brann participated, Plaintiff suffered financial losses, extreme emotional distress, and physical illnesses and manifestations as a result of the extreme emotional distress.

### JURY DEMAND

71. Plaintiff demands a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the federal laws, the laws of the State of New York, and the laws of the City of New York;

B.  Awarding Plaintiff damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court that might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to past and future income, wages, compensation, seniority, pension losses, and other benefits of employment;

C.  Awarding Plaintiff damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

D.  Awarding Plaintiff damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest;

E.  Ordering Defendants to reinstate Plaintiff to the position of Captain through an injunction or other equitable means;

F.  Awarding Plaintiff punitive damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter;

G.  Awarding Plaintiff costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       January 5, 2021

                                                Stagg Wabnik Law Group LLP

                                      By: /s/ David R. Ehrlich
                                          David R. Ehrlich (de-9786)
                                          Amanda B. Slutsky (as-5655634)
                                          *Attorneys for Plaintiff*
                                          *Shante McPherson*
                                          401 Franklin Avenue, Suite 300
                                          Garden City, New York 11530
                                          Tel: (516) 812-4550

To:
    City of New York
    Office of the Comptroller
    1 Centre Street
    New York, NY 10007

    Cynthia Brann
    c/o City of New York
    Office of the Comptroller
    1 Centre Street
    New York, NY 10007